```
1  Kent Khtikian, Esq. (#99843)
   Katzenbach and Khtikian
2  1714 Stockton Street, Suite 300
   San Francisco, California  94133-2930
3  Telephone: (415) 834-1778
   Facsimile: (415 834-1842
4  Attorneys for Plaintiffs
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRICKLAYERS AND ALLIED CRAFTWORKERS LOCAL UNION NO. 3, AFL-CIO; TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY PENSION TRUST; TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY HEALTH AND WELFARE TRUST FUND; TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY APPRENTICESHIP AND TRAINING TRUST FUND;  TILE INDUSTRY PROMOTION FUND OF NORTHERN CALIFORNIA, INC., a not-for-profit California corporation; TILE EMPLOYERS CONTRACT ADMINISTRATION FUND; TRUSTEES OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS PENSION FUND,<br><br>    Plaintiffs,<br><br>    vs.<br><br>G.B. TILE COMPANY, INC., a California  corporation; STEPHAN BAGNESCHI;  AMERICAN CONTRACTORS INDEMNITY COMPANY, a California corporation, THE  PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey corporation; HARRINGTON ENTERPRISES, L.P., a California limited partnership; and<br><br>    Defendants. | CASE NO. CV 09-4804 JL<br><br>PLAINTIFFS' CASE MANAGEMENT STATEMENT; [~~Proposed~~] ORDER<br><br><br><br><br><br><br><br><br><br>Date: January 13, 2010<br>Time: 10:30 a.m.<br>Courtroom: F  (15th Floor; S.F.) |

    Pursuant to this Court's Civil Local Rule 16-9 and FRCivP 16(b) the Plaintiffs, hereby submit this Case Management Statement And Proposed Order.

    For the reasons explained below, **Plaintiffs believe that this case management conference is premature at this time and respectfully request that it be continued 90 days.**

On October 8, 2009 Plaintiffs filed a complaint against GB Tile Company Inc., ("GB Tile"), Stephan Bagneschi ("Bagneschi") and American Contractors Indemnity Company ("ACIC").

On October 21, 2009 ACIC was served with the complaint. November 6, 2009 ACIC filed a compliant in interpleader in Contra Costa Superior Court.

The process server had difficulty locating Bagneschi, who is also the agent for service of process for GB Tile. On December 26, 2009 Bagneschi and GB Tile were served with the complaint.

On December 29, 2009 plaintiffs filed their First Amended Complaint and added Prudential Insurance Company ("Prudential") and Harrington Enterprises ("Harrington") as defendants. On January 6, 2010 the Court issued an amended summons.

Plaintiffs are currently in settlement discussions with Prudential and Harrington. Plaintiffs believe that there is a high probability that the claims with Prudential and Harrington will be settled within the next 90 days. Settlement discussions have not yet commenced with GB Tile and its owner Bagenschi. The claim against ACIC is now in abeyance in view of the action in interpleader filed in Superior Court by ACIC.

**A. STATEMENT OF FACTS AND EVENTS UNDERLYING THE ACTION**

Plaintiff, BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL UNION NO. 3, AFL-CIO (hereinafter "Bricklayers Local Union No. 3") and Defendant GB Tile were parties to a collective bargaining agreement (the "Agreement") at all times material to this action. Pursuant to the terms of the Agreement GB Tile agreed to pay certain wages and fringe benefits for all hours worked in the 46 Northern California Counties within the Union's geographic jurisdiction by persons employed by Sisco as tile setters and tile finishers.

Plaintiffs allege that GB Tile obtained a contractor's license bond underwritten by ACIC pursuant to California Business and Professions Code section 7071.6. This bond indemnifies persons employed by GB Tile for GB Tile'ss failure to pay full wages due.

Plaintiffs further allege that Prudential and Harrington are owners of projects on which plaintiffs have filed mechanics liens for work performed by tile finishers and tile setters

1  employed by GB Tile

2  Plaintiffs further allege that Plaintiffs and Bagneschi entered into an agreement by which

3  Bagneschi agreed to be personally liable for payments due from GB Tile.

**B. PRINCIPAL ISSUES**

    **1. The principal factual issues that the parties dispute are:**

        None at this time.

    **2. The principal legal issues that the parties dispute are:**

        None at this time.

    **3. The following issues as to service of process, personal jurisdiction, subject matter jurisdiction or venue remain unresolved:**

        None.

    **4. The following parties have not yet been served:**

        Prudential Insurance Company ("Prudential") and Harrington Enterprises ("Harrington").

    **5. Any additional parties that a party intends to join are listed below:**

        None.

    **6. Any additional claims that a party intends to add are listed below:**

    None.

**C. ALTERNATIVE DISPUTE RESOLUTION**

    **The parties make the following additional suggestions concerning settlement:**

        Plaintiffs are currently in settlement discussions with Prudential and Harrington. Plaintiffs believe that there is a high probability that the claims with Prudential and Harrington will be settled within the next 90 days. Settlement discussions have not yet commenced with GB Tile and its owner Bagenschi. The claim against ACIC is now in abeyance in view of the action in interpleader filed in Superior Court by ACIC.

        Plaintiffs believe that settlement with GB Tile and Bagenschi is highly probable. Plaintiffs believe that ordering this matter to ADR at this time is

premature and request that this issue be considered at a subsequent case management conference in 90 days.

**The Court hereby orders:**

**D. CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

Plaintiffs consent to trial presided by a Magistrate Judge.

**The Court hereby refers this case for the following purposes to a magistrate judge:**

**E. DISCLOSURES**

**The parties certify that they have made the following disclosures:**

Plaintiffs had served their initial disclosures on all parties who have been served.

**1. Persons disclosed pursuant to FRCivP Rule 26(a)(1):**

 Dave Jackson, Vice President, BAC Local 3
Tom Spear, President, BAC Local 3
Sharon Turner, Allied Administrators
Stephan Bagneschi
Persons employed by GB Tile from September 1, 2008 to October 31, 2009 at tile setters or tile finishers.

**b. Disclosed by Defendants:**

No disclosures have been made.

**2. Categories of documents disclosed under FRCivP Rule 26(a)(1) or produced through formal discovery:**

**a. Categories of documents disclosed by Plaintiffs:**

1. Collective Bargaining Agreement;
2. Plaintiffs' trust agreements;
3. Plaintiffs' trust fund records of defendant's reports and payments to the plaintiffs' trust funds;

1       4. Correspondence between plaintiffs and any defendant;
      5. Mechanics Liens recorded by plaintiffs;
      6. Agreement between GB Tile, Bagneschi and plaintiffs entered on about July 7, 2009;
      7. Union apprentice records.

    **b. Categories of documents disclosed by Defendants:**

    None.

    **3. Each party who claims an entitlement to damages or an offset sets forth the following preliminary computation of the damages or of the offset:**

    On the basis of the information available to plaintiffs at this time, plaintiffs believe that the principal amount owed to plaintiffs is at least $43,358.82.

    **4. All insurance policies as defined by FRCivP 26(a)(1)(D) have been disclosed as follows:**

    None disclosed.

    **5. The parties will disclose the following additional information by the date listed:**

    Not required from plaintiffs at this time.

    **6. Disclosures as required by FRCivP 26(e) will be supplemented at the following intervals:**

**F. EARLY FILING OF MOTIONS**

    The following motions expected to have a significant effect either on the scope of discovery or other aspects of the litigation shall be heard by the date specified below:

    None anticipated.

**G. DISCOVERY**

    **1. The parties have conducted or have underway the following discovery:**

1   Plaintiffs expect that formal discovery will commence within 45 days of the date
2   of this case management conference.

3   **2.  The parties propose the following discovery plan:**

4   The deadline for completion of all discovery, expert and non-expert be October
5   31, 2010 and that the date for filing of dispositive motions be set for December 15, 2010.

6   The new parties to disclose expert witnesses, if any (their identities, resumes,
7   final reports and other matters required pursuant to the Federal Rules of Civil Procedure)
8   by no later than August 31, 2010.

9   **3. Limitations on discovery tools in accordance with this Court's Supplemental**
10  **Order to Order Setting Case Management Conference.**

11  **a. depositions (excluding experts) by:**
12  **plaintiffs:** no limit   **defendant:** no limit

13  **b. interrogatories served by:**
14  **plaintiffs:** 25 on each defendant
15  **defendant:** 25 on each plaintiff

16  **c. document production requests served by:**
17  **plaintiffs:** no limit   **defendant:** no limit

18  **d. requests for admission served by:**
19  **plaintiffs:** no limit   **defendant:** no limit

20  **4. The parties propose the following limitations on the subject matter of discovery:**
21  All matters relevant to or calculated to lead to the discovery of evidence relevant
22  to the issues raised by the complaint and defendants' answers to the complaint.

23  **5. Discovery from experts.   Plaintiffs plan to offer expert testimony as to the**
24  **following subject matters:**
25  None planned at this time.

26  **6. The Court orders the following additional limitations on the subject matter of**
27  **discovery:**

28

**7. Deadlines for disclosure of witnesses and completion of discovery:**

See paragraph G(2) above.

**H. PRETRIAL AND TRIAL SCHEDULE**

**1. Trial date:** None set at this time.

**2. Anticipated length of trial (number of days):** 1.

**3. Type of trial:** Court.

**4. Final pretrial conference date:**

**5. Date required for filing the joint pretrial conference statement and proposed pretrial order required by Civ.L.R. 16-10(b), complying with the provisions of Civ.L.R. 16-10(b)(6)-(10) and such other materials as may be required by the assigned judge:**

**6. Date for filing objections under Civ.L.R. 16-10(b)(11) (objections to exhibits or testimony):**

**7. Deadline to hear motions directed to the merits of all or part of the case:** See paragraph G2 above.

**NOTE: Lead trial counsel who will try this case shall meet and confer at least 30 days prior to the pretrial conference for the purpose of Civ.L.R. 16-10(b) which includes preparation of that joint pretrial conference statement and all other materials required by § H.5 above.  Lead trial counsel shall also be present at the pretrial conference.  (See FRCivP 16(d).)**

**I. Date of next case management conference:**

The Case Management Conference is hereby continued to April 14, 2010 at 10:30 a.m.

**J. OTHER MATTERS**

**K. IDENTIFICATION AND SIGNATURE OF LEAD TRIAL COUNSEL**

 /s/ Kent Khtikian
Kent Khtikian, Esq.
Katzenbach and Khtikian
1714 Stockton Street, Suite 300
San Francisco, California  94133-2930
(415) 834-1778; FAX (415) 834-1842
Attorneys for Plaintiffs

The Court finds that each party was represented by lead trial counsel responsible for trial of this matter and was given an opportunity to be heard as to all matters encompassed by this Case Management Statement and Proposed Order filed prior to the conference.  The Court adopts this statement as modified and enters it as the order of this court pursuant to Civ.L.R. 16-8(b).

IT IS SO ORDERED

Dated:_____
Hon. James Larson